(No. 90-CC-2446-)

GERALD HUNTER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 18, 1994.*

GERALD HUNTER, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (CHRISTINE M. GIACOMINI, Assistant Attorney General, of counsel), for Respondent.

## OPINION

MITCHELL, J.

Claimant, an inmate with the Illinois Department of Corrections, seeks judgment against Respondent, State of Illinois, for injuries sustained by Claimant in an attack by other inmates. Claimant's complaint contends that Claimant was injured by an unprovoked attack upon his person by other inmates on March 20, 1989. Claimant contends that Respondent negligently neglected to provide for Claimant's health and safety. Claimant seeks damages in the amount of $10,000.

At the hearing, Claimant testified that on March 20, 1989, he was incarcerated at Menard Correctional Center. At approximately 2:00 p.m. on that date, he was in the gymnasium putting on his clothes after having played basketball. While Claimant was dressing, he was attacked by unknown assailants. Claimant's injuries consisted of a broken left cheekbone, and a cut under his eye on the right side of his face.

Claimant testified that there were a lot of people present, but no correctional employees. Yet, Claimant

testified that a shot was fired and Claimant heard Officer Bowles come up and say "break it up," and arrested one of Claimant's assailants. The shot fired was a warning shot.

Claimant was taken to the hospital and some stitches were put under his eye. He was given something for pain. Claimant was taken to an outside hospital where reconstructive surgery was done on his cheek. Claimant contended that he had scars under his eye, but the Commissioner could not, from a distance of 4 to 4½ feet, see the scars. Claimant received no additional treatment after he left the hospital, and has never complained to any physician concerning problems after that.

Claimant's theory of recovery is that Respondent does not have a strong enough visible presence at the gymnasium under circumstances where so many prisoners are at one time in a central location, and that the security is inadequate.

On cross-examination, Claimant stated that he was aware of only one correctional officer present at the time of the fight, and "the man in the tower" who did the shooting. Claimant testified that "there was no employees right there by the basketball court" when the first punch was thrown.

Respondent called a correctional employee named Jack Carlock. Carlock was working "in the tower" on the date of the occurrence. Carlock testified that it was the time of day to clear the gym of all inmates. After Carlock saw the fight start he fired the shot. He saw Officer Bowles and Officer Pearson on the floor separating the fight. Also a leisure-time activity employee named Miller was present. Carlock fired his gun instantly when he saw the fight. It looked to Carlock like it was a regular fist

fight. Officer Bowles was at the door letting inmates in and out. When Carlock fired the shot, Bowles and Miller were present to break up the fight. Miller came from the office 15 feet away from where the fight started.

In *Dorsey v. State* (1977), 32 Ill. Ct. Cl. 449, this Court held that the State is not an insurer of the safety of persons under its control. In *Dorsey*, the Claimant was seriously injured by being struck by another inmate with a baseball bat in an area used for recreational purposes. As in the case at bar, in *Dorsey* the record was devoid of any indication of a dispute between the individuals involved in the matter, and no evidence of any kind to show that there had been an argument or previous fight between the two men. As in the case at bar, in *Dorsey*, neither of the individuals involved had shown any propensity for violence or causing trouble. The circumstances present in the *Dorsey* case show that there were between 100 and 125 inmates assigned to the area where the assault took place, and that there were approximately eight guards. In the case at bar, it is unclear how many inmates were present except through Claimant's testimony that there were "maybe 50, 100." Multiple guards were present, one of whom was in a tower with a loaded shotgun, and another was approximately 15 feet from where Claimant was assaulted.

The rule of the *Dorsey* case was followed in *Bock v. State* (1991), 43 Ill. Ct. Cl. 299, 305. In the *Bock* case, Claimant was injured in an unprovoked attack by another inmate as he was walking down a hallway intending to go to the "dayroom" in the cellhouse. Claimant contended, among other things, that his injuries were the fault of the Respondent for the reason that there had previously been several violent offenses in that area of the prison, and there were insufficient staff present. There was no evidence that

anyone had ever complained about inadequate security. The Claimant contended that if there had been more correctional officers present, his injury would have been avoided. Following *Dorsey v. State, supra,* this Court held that liability could not attach to Respondent due to the fact that the attack on the Claimant was without warning, and was committed by a man that the Claimant barely knew. The State could not foresee the assault.

Upon the record in this case, and under the authority of the cases above cited, this claim is denied.